IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50232

_____

MARTIN ALVAREZ; PETE ALVAREZ;
SERGIO ARMENDARIZ; ANDREW BROOKS;
TAYLOR BARKLEY; GARY CADD; HECTOR
JESUS CANO; PEDRO A. CHAVEZ;
BRUCE A. CRUMP; MARIO D'AGOSTINO;
ROBERTO FLORES; RAUL GARCIA-FLORES;
DAVID GONZALEZ; GREG HERNANDEZ;
MARIO HERNANDEZ; RICHARD HOLGUIN;
MARK KLINE; LORENZO MARQUEZ;
ANTONIO MURO, JR.; MICHAEL NELIGH;
CARLOS A. PIEDRA; ERIC SODEMANN;
MICHAEL A. STUBBLEFIELD; DANIEL TARIN;
JOSEPH A. TELLEZ; MIGUEL A. TORRES;
DAVE VALERO

All individually and on behalf of all
other employees similarly situated,

Plaintiffs - Appellants,

versus

CITY OF EL PASO,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
No. EP-00-CV-103-H

_____

February 14, 2002
Before GARWOOD, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[1]

Martin Alvarez and twenty-seven other firefighters brought

_____

[1]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

suit against the City of El Paso based on the Fair Labor Standards Act (FLSA). They claimed that the City had violated the FLSA, 29 U.S.C. § 207(a)(1), by refusing to pay compensation for their lunch hour. They argued that, because the City placed so many restrictions on the firefighters' activities during lunch, it was impossible to derive any personal benefits from the lunch hour. Thus, because the lunch hour did not qualify as a bona fide meal period under the FLSA, they were entitled to be compensated for the hour. The district court granted the City's motion for summary judgment. Alvarez now appeals.

We have studied the briefs, heard the argument of the parties, and considered the issues raised in this appeal. It is now clear to us that the finding and conclusions of the district court are not reversible. In deciding whether a lunch hour qualifies as a bona fide meal period, the courts apply a "predominant benefit test." See Bernard v. IBP, Inc. of Nebraska, 154 F.3d 259, 264 (5th Cir. 1998). "The critical question [under this test] is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee." Id. at 264-65. In resolving this question, we must decide whether the employee can use the time during lunch for his or her own purposes. Id. at 266. The restrictions placed here on the employees' dress and use of city-owned automobiles were more in the nature of inconveniences than restrictions on the free use of the time at

issue.  The district court therefore did not err when it determined, as a matter of law, that the firefighters could use the lunch hour time primarily for their own personal benefit. Accordingly, the judgment of the district court is

AFFIRMED.